**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TRACY S. BROWN,
Appellant,

v.

OFFICE OF PERSONNEL MANAGEMENT,
Agency.

DOCKET NUMBER
AT-0845-19-0329-C-1

DATE: July 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tracy S. Brown, Suffolk, Virginia, pro se.

Michael Shipley, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement of a settlement agreement with the Office of Personnel Management (OPM) regarding collection of an overpayment of her Federal Employees' Retirement System (FERS) annuity.

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

On petition for review, the appellant reasserts her argument from below, claiming that, because OPM had refunded amounts previously withheld from her annuity to collect portions of the overpayment and indicated in a November 2019 Notice of Annuity Adjustment that it was no longer withholding funds from the appellant's annuity, its decision to resume collection of the overpayment at a later date constituted a breach of the parties' settlement agreement. Petition for Review (PFR) File, Tab 1 at 6. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the terms of the parties' April 22, 2019 settlement agreement did not reflect that OPM agreed to waive the overpayment. The agreement explicitly provided for the collection and repayment of the overpayment amount through monthly installments. Therefore, the appellant failed to establish that OPM breached the settlement agreement by resuming its collection of the overpayment in monthly installments. *Brown v. Office of Personnel Management*, MSPB Docket No. AT-0845-19-0329-C-1, Compliance File (CF), Tab 4, Compliance Initial Decision (CID) at 2; *see Rodriguez v. Department of Justice*, 84 M.S.P.R. 685, ¶ 7 (2000) (stating that a

party is entitled to no more than is provided by the terms of a settlement agreement). To the extent the appellant argued below that the agency's November 2019 Notice of Annuity Adjustment, wherein it stated that it was "no longer withholding the annuity overpayment," constituted a modification of the settlement agreement terms, the administrative judge does not appear to have addressed this argument. CID. Because the appellant raises it again on review, PFR File, Tab 1 at 6, we address it here.

The Board has stated that a settlement agreement is a contract, and a contract may be modified if there is mutual assent to the modification. *See Carson v. Department of Energy*, 77 M.S.P.R. 453, 458 (1998). We find that the record does not evidence any mutual assent to a modification of the settlement agreement. The November 2019 notice does not reference the settlement agreement. Nor does the notice claim that it was intended to override or amend the terms of the settlement agreement. CF, Tab 1 at 5. There is no other evidence in the record, such as correspondence between the parties, setting forth their intent that the settlement agreement be modified to provide for a waiver of the overpayment. CF, Tabs 1, 3; PFR File, Tabs 1, 4.

Importantly, even assuming that both parties believed that the November 2019 Notice of Annuity Adjustment effectively modified the terms of the settlement agreement, for a term to be enforceable, there must be consideration, i.e., a performance or a return promise that must be bargained for. *See Black v. Department of Transportation*, 116 M.S.P.R. 87, ¶ 17 (2011). Here, there is no evidence that, following the execution of the April 22, 2019 settlement agreement, the parties later bargained for a waiver term so as to bind themselves to a modified contract. CF, Tabs 1, 3; PFR File, Tabs 1, 4. Without any documentation evidencing the intent of the parties to modify the April 22, 2019 settlement agreement, or consideration to support that intent, the Board lacks the authority to unilaterally read into the settlement agreement a modification of its material terms. *See Rodriguez*, 84 M.S.P.R. 685, ¶ 7. As such, the

November 2019 Notice of Annuity Adjustment does not have an effect on the terms of the April 22, 2019 settlement agreement, nor does it show that OPM breached that agreement.[2]

The appellant submits with her petition for review bank records purporting to show her transaction history, including deposits of her FERS annuity. PFR File, Tab 1 at 4-5. These documents were not submitted below. CF, Tab 1. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Here, the appellant's bank records appear to have been accessed on December 12, 2019. PFR File, Tab 1 at 4-5. The record closed below on or around July 6, 2020. CF, Tab 2 at 4, Tab 3. Therefore, the documents submitted for the first time on review were available before the record closed, and the appellant has not explained why she was unable to submit them below. PFR File, Tab 1. Therefore, we have not considered them.

Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

[2] The Board lacks jurisdiction to address in this settlement enforcement proceeding whether, independent of the parties' agreement, OPM's statement that it was no longer withholding funds from the appellant's annuity constituted a waiver of the overpayment. To the extent that the appellant is arguing that OPM waived its right to resume collection of the overpayment, she needs to raise that with OPM, and the Board can only address it following issuance of a final decision by OPM. *See* 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.308.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD: ______________________________
Gina K. Grippando
Clerk of the Board

Washington, D.C.